## WALKER *against* LYON.

A transcript of a judgment filed in pursuance of the act of assembly, is in its legal effect a judgment of the court of Common Pleas, and may be so called in a writ of *scire facias* to revive the same.

When a judgment is rendered by a justice for a sum exceeding his jurisdiction, a transcript whereof is filed, the remedy to correct the error, is by motion to have it struck off, or by writ of error.

A judgment of a justice, for a sum exceeding his jurisdiction, having been docketed, it cannot be treated as a nullity; and even if it could, its validity can only be questioned, in a *scire facias* to revive it, by the plea of *nul tiel record*.

ERROR to the court of Common Pleas of *Mercer* county.

*Joseph Lyon* brought a suit against the executors of *John Walker* before a justice of the peace which was there referred to arbitrators, who made an award for the plaintiff for one hundred and sixty eight dollars: upon which the justice entered a judgment; a transcript whereof was filed in the court of Common Pleas in 1821. *A scire facias P. A. et D.* was issued to revive this judgment, to which the defendants appeared and plead *payment with leave, &c.* Replication *Non solvit.* Issue. Upon the trial of this cause the defendants objected to the admission of the record of the transcript and judgment in evidence; the objection, was over-ruled, and the court charged the jury that the plaintiff was entitled to recover.

*J. Banks*, for plaintiff in error,

Contended, that the justice had no jurisdiction of the original cause of action, it being above one hundred dollars. The *scire facias* recited a judgment of the court of Common Pleas, whereas the one offered in evidence was an illegal judgment of a justice of the peace. Cited *Brenneman* v. *Grenewalt*, 1 *Serg. and Rawle*, 30. *M'Kellip* v. *M'Kellip*, 2 *Serg. & Rawle*, 490. *Hinds* v. *Wills*, 13 *Serg. & Rawle*, 214. 2 *Stark. Ev.* 801, *p.* 4.

*Holstein* contra.

PER CURIAM.—The defendants, having admitted by their plea, the existence of the judgment set out, and put their defence on the fact of payment, could not resist the production of the record or controvert its effect. But in its legal effect, it was what it was recited to be, the practice being universal to treat it, for the purpose of execution, as a judgment of the court. Nor could want of jurisdiction in the justice be urged in this proceeding, the remedy being a motion to have the judgment struck off, or perhaps reversed on a writ of error. Having been received and docketed as a judgment of the court, it could not be treated as a nullity; and even if it could, its validity ought to have been put in issue by the plea of *nul tiel record*.

Judgment affirmed.